United States District Court
Southern District of Texas
**ENTERED**
February 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAMIRO HUERTA-ORTEGA § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 7:13-CV-00072 |
| § | |
| UNITED STATES OF AMERICA § | CRIMINAL ACTION NO. M-09-1638-1 |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence and a Supplemental Motion under 28 U.S.C. § 2255 filed by Ramiro Huerta Ortega ("Huerta"). The Government has responded. The case had been referred to the Magistrate Court for a report and recommendation. On January 4, 2016, the Magistrate Court issued the Report and Recommendation, recommending that the Government's motion to dismiss be granted, that Huerta's § 2255 motion to vacate and supplemental § 2255 motion to vacate be denied, that Huerta's motion for leave to amend be denied as futile, that Huerta be denied a certificate of appealability, and that this action be dismissed.

No objections were timely filed but on January 28, 2016, Huerta submitted objections noting that he did not receive the Report and Recommendation until January 14, 2016. Since the Court has authority to review *de novo* any finding in a Report and Recommendation even in the absence of objections, the Court will fully consider the objections.

Generally, the objections simply restate Huerta's position as to why he is entitled to relief. Nonetheless, the Court has considered all of the objections. With the exception of the two objections addressed below, the objections do not otherwise merit a detailed discussion.

Huerta does object to two specific factual assertions noted in the Report and Recommendation. The first alleged factual error is the statement on page one of the Report and Recommendation that Huerta's "sentence took into account . . . his role as a 'right hand man' for the head of the drug trafficking organization." It is clear to the Court that the statement was simply part of the Magistrate Court's summary of the case as a whole. While the district court at sentencing did note that some other person was the "right hand man," this reference to Huerta as the right hand man in the Report and Recommendation was not the basis for any legal conclusion made by the Magistrate Court. The Magistrate Court correctly concluded that the role enhancement could not be re-litigated in this § 2255 motion. This Court finds not error, factual or legal, on this issue.

The second alleged factual error is the Magistrate Court's statement that after receiving an *Allen* charge, the jury returned a verdict "half an hour later." Huerta is technically correct that the verdict was returned not "half an hour later" but in less time than that. Again, however, it is

clear that the Magistrate Court was generally summarizing the chronology of the case. The Magistrate Court considered all of the facts surrounding the giving of the *Allen* charge and the return of the jury's verdict in determining whether giving the *Allen* charge had a coercive effect on the jury. In doing so, the Magistrate Court applied the correct legal standard noting that timing alone does not establish the coerciveness of an *Allen* charge. The cases cited by Huerta in his objections do not hold otherwise, as in *United States v. Webb*[1] other factors were present establishing the coerciveness of the charge and in *Lowenfield v. Phelps* [2] no coercion was found.

Pursuant to 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed and has made a *de novo* determination of the report in its entirety. After completing its *de novo* review, the Court is of the opinion that the Magistrate Judge's findings of fact and conclusions of law are correct. The Court hereby adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that the Government's Motion to Dismiss is **GRANTED**, that Huerta's § 2255 Motion to Vacate and Supplemental § 2255 Motion to Vacate are **DENIED**, that Huerta's Motion for Leave to Amend is **DENIED** as futile, that Huerta is denied a certificate of appealability, and that this action is **DISMISSED**.

IT IS SO **ORDERED.**

**DONE at McAllen, Texas, this 4th day of February, 2016.**

_____
Micaela Alvarez
United States District Judge

---

[1] 816 F.2d 1263 (8th Cir. 1987).
[2] 484 U.S. 231 (1988).